(96 Misc. Rep. 497)

PEOPLE ex rel. SWANN, Dist. Atty., et al. v. OSBORNE, Warden.

(Supreme Court, Special Term, Rockland County.  September 6, 1916.)

CRIMINAL LAW ⟝1216(1)—PUNISHMENT—SENTENCE.

Under Pen. Code, § 2193, providing that, when a convict is to be sentenced in a state prison, the court must limit the term of the sentence, having reference to the probability of the convict earning a reduction of his term for good behavior, and assuming that such reduction will be earned, so that the sentence will expire during the period from April 1st to October 1st, and forbidding the officers of every prison from taking into custody any convict sentenced in violation of the section, and requiring them to return any convict so illegally sentenced to the sheriff for resentence in conformity with the section, and Laws 1916, c. 358, providing for "compensation" for a period not exceeding 2½ days for each 30-day period, only the commutation which may be earned by good behavior is to be taken into account in fixing the termination of a sentence to a state prison, and the "compensation" which may be earned under the new law is not to be taken into account.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3310–3314; Dec. Dig. ⟝1216(1).]

Proceeding by the People of the State of New York, on the relation of Edward Swann, as District Attorney of the County of New York, and Alfred E. Smith, as Sheriff of the County of New York, against Thomas Mott Osborne, as Agent and Warden of Sing Sing Prison, at Ossining, N. Y.  Judgment for petitioners.

Emmet J. Murphy, Asst. Dist. Atty., of New York City, for petitioners.

The Attorney General, for respondent.

TOMPKINS, J.  I think the interpretation given to section 2193 of the Penal Code and chapter 358 of the Laws of 1916 by Judge Delehanty, of the Court of General Sessions, New York County, is correct, and that only the "commutation" which may be earned by good behavior is to be taken into account in fixing the termination of a sentence to a state prison, and that the "compensation" which may be earned under the new law of 1916 is not to be reckoned in fixing the date for the expiration of a sentence.

The "commutation," as defined by the statute, is for a definite period, and the court, in passing sentence, must assume that the convict will earn that "commutation"; and inasmuch as it is definitely fixed by the law itself, the court in passing sentence may fix a term of imprisonment which, taking into account the "commutation," will expire during the period from April 1st to October 1st.

The compensation provided by the law of 1916 may be for a period not exceeding 2½ days for each 30-day period.  Inferentially, it may be for less than 2½ days for each 30-day period, depending upon some general or special rule to be made by the present authorities. The court cannot determine, in passing sentence, what "compensation" may be earned by or allowed to the convict, and therefore it is impossible for the court to consider the matter of "compensation" in fixing the expiration of a sentence.

Section 2193 of the Penal Code only provides that the court shall assume that the convict will earn the commutation fixed by the statute for "good behavior," and makes no provision for taking into account the matter of "compensation" which may be allowed for "efficient and willing performance of duties assigned to him or her." If it had been the intention of the Legislature of 1916 to add that provision to section 2193 of the Penal Code, it would have done so; and it is not for the court by judicial action to extend the scope of its provisions beyond their obvious meaning.

I think the sentence imposed by the Court of General Sessions of New York County in this case was proper, and that the warden and agent of Sing Sing prison must receive the convict under said sentence.